b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MARGIE ROBINSON-WILLIAMS,**<br>Plaintiff | **CIVIL DOCKET NO. 3:19-CV-00912** |
| **VERSUS** | **DISTRICT JUDGE DOUGHTY** |
| **C H G HOSPITAL WEST MONROE, L.L.C.,**<br>Defendant | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Compel Arbitration and Stay Proceeding (ECF No. 28) filed by Defendant C H G Hospital West Monroe, L.L.C., doing business as Cornerstone Specialty Hospitals West Monroe ("Cornerstone"). ECF No. 28. Plaintiff Margie Robinson-Williams ("Robinson-Williams") filed a motion for mediation.

Because the parties' arbitration agreement states that arbitration is the sole means to resolve Robinson-Williams's claims, Defendant's Motion to Compel Arbitration should be granted. ECF No. 28. Because mediation is not a condition precedent to arbitration in this case, Robinson-Williams's Motion to Vacate Arbitration and Stay Proceedings (for mediation) (ECF No. 32) should be denied. Because the arbitration is binding, Defendant's Motion to Stay Proceedings (ECF No. 28) should be denied and this action should be dismissed with prejudice.

### I. Background

Plaintiff Robinson-Williams filed a complaint against Cornerstone pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Robinson-Williams,

an LPN employed by Cornerstone, alleges her supervisor, Mark Fuller, discriminated against her due to her race (using racial slurs and cursing) and retaliated against her. ECF No. 1. Robinson-Williams contends she was fired the day after she filed a grievance. ECF No. 1.

Robinson-Williams filed an EEOC charge on July 26, 2018, alleging racial discrimination and retaliation in 2017 and 2018. ECF No. 1-2 at 3. The EEOC found no evidence of statutory violations and notified Robinson-Williams of her right to sue. ECF No. 1-2 at 1.

Robinson-Williams then filed this Complaint. ECF No. 1. Cornerstone answered and filed a Motion to Compel Arbitration and Stay Proceedings. ECF Nos. 15, 28, 29, 33. Robinson-Williams filed an opposition titled "Motion to Vacate Arbitration and Stay Proceedings," asking the Court to order mediation instead. ECF Nos. 32, 36.

II. Law and Analysis

    A. The alleged factual basis for Robinson-Williams's claims of discrimination and retaliation.

Cornerstone contends Robinson-Williams's claim is covered by its Employment Dispute Resolution Program ("EDR Program"), which Robinson-Williams agreed to when she was hired and annually thereafter. Cornerstone contends its EDR Program provides for arbitration as the sole means to resolve Robinson-Williams' claims of discrimination and retaliation.

2

Robinson-Williams contends that, in November 2017, after she pointed out a leaking IV and needle-site redness to Fuller (who was responsible for the IV), Fuller used racial slurs and cursed her in front of others. (ECF No. 1 at 2; No. 1-2 at 8). Robinson-Williams filed a complaint concerning Fuller's behavior in November 2017, through the EDR Program. ECF No. 1-2 at 8; No. 32 at 2. Fuller's behavior was also reported by a visiting nursing student. ECF No. 1-2 at 3. Robinson-Williams contends that Fuller was told to apologize to her. ECF No. 1-2 at 3.

Robinson-Williams alleges she was then left off the work schedule in January 2018. ECF No. 1-2 at 4. The scheduler ("Brenda") was Fuller's mother-in-law. ECF No. 1-2 at 4. When Robinson-Williams reported to work on January 6, 2018, the "first supervisor" ("Tim") added her back onto the schedule for the day and she began working (ECF No. 1-2 at 4). But when Fuller arrived at work later that day, he ordered Robinson-Williams to leave the grounds because she was "not on the schedule." ECF No. 1-2 at 4.

Robinson-Williams clocked out, and filed a grievance through the EDR Program on January 6, 2018. ECF No. 1-2 at 4; No. 32 at 2. As a result, on January 7, 2018, the Cornerstone CEO ("Chris") called Robinson-Williams and told her she had been placed "on leave" and was not to return to work until further notice. ECF No. 1-2 at 8. Robinson-Williams contends she was suspended without pay. Robinson-Williams contends she was then fired on January 12, 2018. ECF No. 1-2 at 4.

Robinson-Williams contends the stated reason for her termination was for "being too loud in the patient care area" on January 6, 2018. ECF No. 1-2 at 4.

### B. Defendant's Motion to Compel Arbitration should be granted but the Motion to Stay Proceedings should be denied.

Defendant Cornerstone contends Robinson-Williams agreed to its EDR Program which includes arbitration as the sole remedy for her claims of discrimination and retaliation.

The final step of the EDR Program is arbitration. ECF No. 29 at 16. The 2015-16 edition of the EDR Program states that arbitration "is the sole means to resolve the claims and disputed identified in the Clams Covered by the Agreement section below." ECF No. 29 at 30. "The Claims covered by this Agreement include, but are not limited to, . . . claims for discrimination (including, but not limited to, race, color, sex, religion, national origin, age, marital status, or medical condition, handicap or disability); claims for retaliation or harassment, . . . ." ECF No. 29 at 31. Thus, the arbitration clause includes the claims made by Robinson-Williams for discrimination and retaliation.

In general, federal law requires federal courts to enforce arbitration agreements. *See Robertson v. Intratek Computer, Inc.*, 976 F.3d 575, 579 (5th Cir. 2020), *pet. for cert. filed* (U.S. 6/10/21). In 1925, Congress enacted the Federal Arbitration Act ("FAA") "as a response to judicial hostility to arbitration." *See Robertson*, 976 F.3d at 579 (citing *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 97

(2012)); 9 U.S.C. § 1, *et seq.*. Section 2 of the FAA provides that written arbitration agreements are generally "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. *See Robertson*, 976 F.3d at 579. Section 2 thus obligates courts to enforce arbitration agreements according to their terms "unless the FAA's mandate has been overridden by a contrary congressional command." *See Robertson*, 976 F.3d at 579 (citing *CompuCredit*, 565 U.S. at 98).

To show a "contrary statutory command," the party opposing arbitration must show that "Congress intended to preclude a waiver of a judicial forum" for the claims at issue. *See Robertson*, 976 F.3d at 579 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)). If "Congress intended the substantive protection afforded by a given statute to include protection against waiver of the right to a judicial forum," the Supreme Court has said "that intention will be deducible from text or legislative history." *See Robertson*, 976 F.3d at 579 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Throughout this inquiry, courts should keep "in mind that 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.' " *See Robertson*, 976 F.3d at 579 (citing *Gilmer*, 500 U.S. at 26).

The Supreme Court recently "stressed that the absence of any specific statutory discussion of arbitration or class actions is an important and telling clue

that Congress has not displaced the Arbitration Act." *See Robertson*, 976 F.3d at 579 (citing *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1627 (U.S. 2018)).

Robinson-Williams has not cited any statutory or jurisprudential authority to show the Arbitration Act has been displaced in Title VII cases, and the Court has found none.

A court may find that parties agreed to arbitrate a dispute only where: (1) there is a valid agreement to arbitrate and (2) the dispute falls within the scope of the agreement. *See American Heritage Life Insurance Co. v. Lang,* 321 F.3d 533, 537 (5th Cir. 2003); *see also Gross v. GGNSC Southaven, L.L.C.,* 817 F.3d 169, 176 (5th Cir. 2016). Where the contract contains an arbitration clause, there is a "presumption of arbitrability" such that "ambiguities ... [are] resolved in favor of arbitration." *Tittle v. Enron Corp.,* 463 F.3d 410, 418 (5th Cir. 2006) (citing *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002), opinion supplemented, 303 F.3d 570 (5th Cir. 2002)).

Defendant submitted copies of its Employment Dispute Resolution Program with its motion. ECF No. 29 at 12. Defendant also submitted Robinson-Williams's 2012 agreements, signed both before and after she began employment, to abide by the EDR Program. ECF NO. 33-1 at 7, 9. Defendants contend, and submitted an affidavit from its Human Resources Director, Kimberlee Mendez, to show that Robinson-Williams agreed annually, online, to updated versions of the EDR Program

on March 27, 2013, March 4, 2014, June 29, 2015, February 26, 2016, and June 15, 2017. ECF No. 33-1 at 4.

Robinson-Williams alleges she does not recall signing the EDR Program agreement, contends she must have been under duress when she signed it, and claims the agreement is unfair (ECF No. 32). However, Robinson-Williams does not deny that her signature is on the agreements, and has not alleged what duress she was under. Robinson-Williams has not shown that her agreement to the EDR Program is invalid.

Because Robinson-Williams' discrimination and retaliation claims fall within the scope of Cornerstone's EDR Program agreement, which states that arbitration is the sole and exclusive remedy for Robinson-Williams's claims, Defendant's Motion to Compel Arbitration (ECF No. 28) should be granted.[1] *Compare Williams v. Cintas*

---

[1] It is noted that the arbitration agreement in Defendant's EDR Program has a notice requirement that is a condition precedent to arbitration (ECF No. 29 at 32): "A party who wishes to arbitrate a Claim covered by this Agreement must make a written Request for Arbitration and deliver it to the other party by hand or certified or registered mail *no later than the expiration of the statute of limitations that applicable local, state or federal law prescribes for the Claim*. Written notice to the Company shall be sent to the Corporate VP of Human Resources. You will be given written notice at the last address recorded in your personnel file. The written notice shall identify and describe the nature of all Claims asserted and the facts upon which such Clams are based." (Emphasis added.)

The Required Notice clause clearly contemplates that Notice may be sent (or received) by either party, indicating that either party may request arbitration. However the statutory cause-of-action limitation for sending the required notice is the limit applicable to a claimant only. The notice clause clearly did not contemplate the defendant in a *lawsuit* having to move to compel arbitration, as it makes no provision for a time limit in that circumstance. Defendant's EDR Program has no provisions for waiver of, or exception to, notice as a required condition precedent to arbitration.

*Corporation,* 2005 WL 8158449, at *1 (N.D. Tex. 2005), aff'd, 169 Fed. Appx. 180 (5th Cir. 2006) , cert. den., 549 U.S. 944 (2006) (plaintiff's Title VII claims were dismissed and an order was entered compelling arbitration pursuant to a binding arbitration agreement); *DeStephano v. Broadwing Communications, Inc.,* 48 Fed. Appx. 103, at *5-*6 (5th Cir. 2002), cert. den., 538 U.S. 977 (2003) (plaintiff's Title VII claims were held arbitrable pursuant to the parties' agreement).

However, because the arbitration agreement between the parties states that arbitration is binding, Defendant's Motion to Stay Proceedings (ECF No. 28) should be denied and Robinson-Williams's action should be dismissed with prejudice. *Compare Williams,* 2005 WL 8158449, at *1

### C. Robinson-Williams's Motion to Vacate Arbitration, Stay Proceedings, and order mediation (ECF No. 32) should be denied.

Robinson-Williams filed a Motion to Vacate Arbitration and Stay Proceedings, asking the Court to order mediation instead of arbitration. ECF No. 32.

Step Three of the EDR Program is mediation. ECF No. 29 at 16. Step Three states, "If you are pursuing a resolution for a legally protected right that is a covered claim or dispute under the Arbitration section of the EDR Program, you may seek a resolution through the more formal process of Mediation." ECF No. 29 at 15.

---

Because the notice requirement (and its time limit) is unenforceable where a defendant in litigation moves to compel arbitration in compliance with the EDR Program provisions, the notice requirement is "severed" and does not affect the validity/enforceability of the remainder of the arbitration agreement, as set forth in the Construction clause. ECF No. 29 at 34.

Both parties accuse the other of not following the EDR Program procedures.

Robinson-Williams states that, after filing her EEOC charge, she "expressed interest in mediation with Cornerstone, but was informed that Cornerstone rejected mediation, and the EEOC moved [the] case into investigation phase." ECF No. 32 at 2. Robinson-Williams does not contend or show that she submitted the form for requesting mediation. Robinson-Williams contends that, since she has filed a lawsuit, Defendant is now claiming the right to arbitration. Robinson-Williams asks the Court to order mediation first.

Defendant contends Robinson-Williams failed to follow the EDR Program requirement to submit a Request Form for Mediation. ECF No. 29; No. 33-1 at 19. Step 3 of the EDR Program states, in part: "The mediation process is begun by submitting a Mediation/Arbitration Request Form to the EDR Program Administrator (Corporate VP of Human Resources). A copy of this form is included at the back of this handbook or may be obtained by contacting your Human Resources office." ECF No. 29 at 16, 30.

Cornerstone also argues that Robinson-Williams did not adhere to the EDR procedures because she filed an administrative EEOC charge, then filed a lawsuit. However, as the EDR Program manual makes clear, "Additionally, and regardless of any other terms of this Agreement, claims and/or charges may be brought and remedies awarded before an administrative agency if, and only if, applicable law permits such notwithstanding the existence of an agreement to arbitrate. Such

9

administrative filings include without limitation claims or charges brought before the National Labor Relations Board, the Equal Employment Opportunity Commission, and the United States Department of Labor. *Nothing in this Policy shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.* The Company will not retaliate against you for filing a claim with an administrative agency." (Emphasis added.) ECF No. 29 at 31. Therefore, Robinson-Williams did not deviate from the EDR Program procedures by filing an administrative charge with the EEOC. Robinson-Williams did, however, deviate from the EDR Program by filing this lawsuit instead of pursing her claims through the EDR Program.

The mediation step of the EDR Program is neither mandatory nor a condition precedent to arbitration under the terms of the EDR Program. Step 3 of the Program manual states, "If you are pursuing a resolution for a legally protected right that is a covered claim or dispute under the Arbitration section of the EDR Program, you *may* seek a resolution through the more formal process of Mediation." Thus, the parties may elect to skip mediation and proceed to Step 4, binding arbitration. Neither Robinson-Williams nor Cornerstone used the procedure set forth in the EDR Program to seek mediation. *Compare Peters & Bauer, Inc. v. Ricoh Americas Corp.*, 2010 WL 11506387, at *1 (W.D. Tex. 2010) (parties did not fail to cooperate in mediation as a condition precedent to arbitration) (citing *Kemiron Atlantic, Inc. v. Aguakem*

10

*International, Inc.*, 290 F.3d 1287, 1291 (11th Cir. 2002) (where neither party requested mediation as required by their agreement, arbitration was not activated)).

Because neither party elected to use mediation before this lawsuit was filed, and mediation is not a condition precedent to arbitration under the EDR Program agreement, Robinson-Williams's Motion to Vacate Arbitration and Stay Proceedings for a mediation (ECF No. 32) should be denied.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendant's Motion to Compel Arbitration Proceedings (ECF No. 28) should be GRANTED.

IT IS RECOMMENDED that Defendant's Motion to Stay Proceedings (ECF No. 28) should be DENIED and this action should be DENIED AND DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that Robinson-Williams's Motion to Vacate Arbitration and Stay Proceedings (for a mediation) (ECF No. 32) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy

of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Monday, July 25, 2021.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge