# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

August 29, 2022

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

     No. 21-30659   Robinson-Williams v. C H G Hospital
                       USDC No. 3:19-CV-912

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                Sincerely,

                                LYLE W. CAYCE, Clerk

                                By: _____
                                Majella A. Sutton, Deputy Clerk
                                504-310-7680

cc:
     Mr. Ryan Griffitts
     Ms. Barbi McClennen Lorenz
     Ms. Margie Robinson-Williams



**Certified as a true copy and issued as the mandate on Aug 29, 2022**

Attest: *Lyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals for the Fifth Circuit

No. 21-30659
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 5, 2022
Lyle W. Cayce
Clerk

Margie Robinson-Williams,

*Plaintiff—Appellant,*

versus

C H G Hospital West Monroe, L.L.C., *doing business as* Cornerstone Specialty Hospitals West Monroe,

*Defendant—Appellee.*

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-912

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellant pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 5, 2022
Lyle W. Cayce
Clerk

No. 21-30659
Summary Calendar

---

MARGIE ROBINSON-WILLIAMS,

*Plaintiff—Appellant,*

versus

C H G HOSPITAL WEST MONROE, L.L.C., *doing business as* CORNERSTONE SPECIALTY HOSPITALS WEST MONROE,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-912

---

Before STEWART, DUNCAN, and WILSON, *Circuit Judges.*

PER CURIAM:[*]

Margie Robinson-Williams sued CHG Hospital West Monroe, L.L.C. for race discrimination and retaliation under Title VII. The district court

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Case 3:19-cv-00912-TAD-JPM Document 49 Filed 08/29/22 Page 4 of 7 PageID #: 325
Case: 21-30659 Document: 00516432558 Page: 2 Date Filed: 08/29/2022

No. 21-30659

granted CHG's motion to compel arbitration and dismissed the case with prejudice. We affirm.

I.

Robinson-Williams began working as a nurse at CHG in 2012. She alleges that in November 2017, while attempting to place an IV line in a patient, her supervisor Mark Fuller used racial slurs and cursed at her, "attempt[ing] to embarrass" her in front of visiting nursing students. A student reported Fuller, who was told to apologize to Robinson-Williams.

Robinson-Williams alleges she was then removed from the January 2018 work schedule. When she reported to work on January 6, another supervisor added her back to the schedule. But when Fuller arrived later that day, he told her to leave because she was not on the schedule. She filed a grievance through CHG's Employment Dispute Resolution (EDR) Program. Management placed her on leave and told her not to return to work until further notice. She claims she was suspended without pay and then fired.

Robinson-Williams filed an EEOC charge, alleging racial discrimination and retaliation. The EEOC found no violations and issued her a right-to-sue letter. She sued *pro se*.

CHG moved to compel arbitration and to stay proceedings, arguing Robinson-Williams's claim is covered by its EDR Program, which Robinson-Williams agreed to when she was hired and annually thereafter. The EDR Agreement, contained in the CHG employee handbook, provides, "This mutual agreement to arbitrate claims means that both you and the Company are bound to use the EDR Program as the sole means of resolving covered claims and disputes . . . ." The EDR Agreement expressly covers claims for race discrimination and retaliation. It also provides that arbitration "is the sole means to resolve the claims and disputes identified in the Claims Covered by the Agreement." Robinson-Williams argued CHG failed to

Case 3:19-cv-00912-TAD-JPM Document 49 Filed 08/29/22 Page 5 of 7 PageID #: 326
Case: 21-30659 Document: 00516432658 Page: 3 Date Filed: 08/29/2022

No. 21-30659

adhere to its EDR Program, which calls for mediation (step 3) before arbitration (step 4).

The assigned magistrate judge recommended the motion to compel be granted but the case be dismissed with prejudice rather than stayed. Robinson-Williams objected, arguing she was forced to sign the EDR Agreement as a condition to employment and so she signed it under duress. She also requested dismissal without prejudice. The district court adopted the magistrate judge's recommendation. Robinson-Williams appealed.

II.

A court can compel parties to arbitrate a dispute only if the parties agreed to do so. *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (citations omitted). In determining whether parties agreed to arbitrate a dispute, we consider "(1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998) (collecting cases).

We review *de novo* a district court's grant of a motion to compel arbitration. *Ibid.* (citation omitted). If the court did not err in compelling arbitration, we review its decision to dismiss the case, as opposed to staying the case, for abuse of discretion. *See Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676, 679 (5th Cir. 1999). Dismissal is appropriate "when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (collecting cases).

III.

We have liberally construed Robinson-Williams's *pro se* arguments. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). She argues that CHG failed

Case 3:19-cv-00912-TAD-JPM Document 49 Filed 08/29/22 Page 6 of 7 PageID #:
Case: 21-30659 Document: 00516432058 Page: 4 Date Filed: 08/29/2022

No. 21-30659

to comply with its EDR Program by bypassing mediation and trying to enforce arbitration. She also claims she does not remember signing the EDR Agreement and so must have been under duress. And she "request[s] permission to return to court in the event Arbitration is unsuccessful," which we construe as challenging dismissal with prejudice. None of these arguments merits reversal.

As an initial matter, the EDR Agreement is a valid agreement to arbitrate, and Robinson-Williams's claims fails within the scope of it. It is undisputed that, for each year of her employment, Robinson-Williams completed an employee handbook quiz and then signed the EDR Agreement. The parties mutually assented to the EDR Program and their mutual obligation to arbitrate is sufficient consideration to support it. *See, e.g., Aguillard v. Auction Mgmt. Corp.*, 2004-2804, p. 21 (La. 6/29/05), 908 So.2d 1, 16. And the EDR Agreement expressly covers claims for race discrimination and retaliation.

As the magistrate judge explained, mediation is neither mandatory nor a condition precedent to arbitration under the terms of the EDR Agreement. The EDR Agreement provides, "If you are pursuing a resolution for a legally protected right that is a covered claim or dispute under the Arbitration section of the EDR Program, you may seek a resolution through the more formal process of Mediation." The word "may" makes mediation permissive rather than mandatory, reserving to the parties another option— arbitration. *See Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 502 (5th Cir. 2012) (citing *Retractable Techs., Inc. v. Abbott Labs., Inc.*, 281 F. App'x 275, 276 (5th Cir. 2008) (per curiam)). CHG thus did not have to mediate before arbitration.

While Robinson-Williams may not remember signing the EDR Agreements each year, she does not deny that her signature is on them. She

No. 21-30659

also fails to allege what duress she was under when she signed them. Robinson-Williams's conclusory allegation of duress is insufficient to avoid the EDR Agreements.

Finally, we see no abuse of discretion in the district court's dismissing the case with prejudice given each of Robinson-Williams's claims are subject to arbitration. *See Alford*, 975 F.2d at 1164–65.

AFFIRMED